FILED

MAR 14 2000

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE DACE, Inmate #N-22471, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS PAGE, et al., ) <br> ) <br> Defendants. ) | CIVIL NO. 98-702-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*, and he has now tendered his initial partial filing fee as ordered. This case is now before the Court to address two pending motions and for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After evaluating plaintiff's claims individually, the Court finds it appropriate to exercise its authority under § 1915A to dismiss those claims that are frivolous before allowing plaintiff to proceed with his remaining claims. *See also House v. Belford*,

956 F.2d 711, 718-19 (7th Cir. 1992).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

| | |
|---|---|
| **COUNT 1:** | Against defendants Debra Frick, Correctional Officer (hereinafter c/o) Lohman, c/o Gale, and c/o Cleland, for cruel and unusual punishment. |
| **COUNT 2:** | Against defendants c/o Cleland, c/o Grawe, c/o Massey, c/o McKinney, and c/o Well, for cruel and unusual punishment. |
| **COUNT 3:** | Against defendants Dawn Marie Sanders, John Doe 1, c/o Hoffman, William Hamby, Dr. Khan, and Mike Nelson, for cruel and unusual punishment. |
| **COUNT 4:** | Against defendant c/o Wagner for cruel and unusual punishment. |
| **COUNT 5:** | Against defendants Larry Whittenburg, Jerry Goforth, Nancy Tucker, Odie Washington, and Mavis Whittenborn[1], for due process violations. |
| **COUNT 6:** | Against defendants Thomas Page, Lieutenant Oakley, Sargent Konorcik, Tim Flectcher, c/o Manning, c/o Upchurch, c/o Page and c/o Crisler, for cruel and unusual punishment. |
| **COUNT 7:** | Against defendants Jack Mohr, Lisa Gales, and Fryar, for cruel and unusual punishment. |
| **COUNT 8:** | Against defendants Thomas Page, Charles Hinsley, Roger Cowan, Mark Pierson, c/o Grah, c/o Damon, c/o Meyer, Captain Maui, Sargent Williams, John Doe 4, and John Doe 5, for cruel and unusual punishment. |

---

[1] In the body of the complaint plaintiff refers to one of the defendants as Jane or John Doe 2 grievance officer. Later in a footnote plaintiff says that he discovered that Mavis Whittenborn was the Jane or John Doe 2 grievance officer.

**COUNT 9:** Against defendants Thomas Page and Mark Pierson for discrimination.

## MOTIONS

Plaintiff has filed a motion for defendants to be served summons (Doc. 11) and a motion to file a second amended complaint (Doc. 13).

Plaintiff's motion for defendants to be served summons (Doc. 11) is **GRANTED**. The appropriate defendants will be served as directed in this order.

Plaintiff's motion to file a second amended complaint was not accompanied by a proposed amended complaint. The Court, therefore, has no idea if the proposed amended complaint is appropriate. Since plaintiff has failed to file a proposed amended complaint, his motion to file a second amended complaint (Doc. 13) is **DENIED**.

## COUNT 1

On April 3, 1989, an inmate at Menard was seriously burned in a fire. Plaintiff testified at trial on behalf of the injured inmate. According to plaintiff, the jury returned a verdict finding Menard Officials liable for the inmates injuries. The jury then awarded the injured inmate one million dollars. Plaintiff was told by Menard Officials that he was going to be taught to keep his mouth shut.

On October 4, 1996, defendants Lohman, Gale, Frick, and Cleland refused to give plaintiff his breakfast or lunch trays. Plaintiff was told that he had nothing coming and that he would get his.

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman*, the amendment reaches beyond "barbarous physical punishment" to prohibit "the unnecessary and

wanton infliction of pain" (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) and punishment "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Constitution also prohibits punishment that is "totally without penological justification." *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes*, 452 U.S. at 346 ; *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987), *cert. denied* 484 U.S. 935 (1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional "punishment" is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions

of confinement cases, the relevant state of mind is "deliberate indifference" to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 128 L. Ed. 2d 811, 114 S. Ct. 1970, 1979 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of substantial risk of serious harm. *Id*. The minimum intent required is "actual knowledge of impending harm easily preventable." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985); *see Wilson*, 501 U.S. at 299. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22. If the harm is remote rather than immediate, or the officials don't know about it or can't do anything about it, the subjective component is not established and the suit fails. Id; *see Wilson*, 501 U.S. at ___, 111 S. Ct. at 2326.

Plaintiff's allegations fail to satisfy the objective component of Eighth Amendment analysis. It can hardly be said that missing breakfast and lunch one day is an "unquestioned and serious" deprivation of a basic need. *Rhodes*, 452 U.S. at 347. Furthermore, the two meals missed did not cause plaintiff any physical injuries. Plaintiff must allege a substantial injury-in-fact to make a claim for damages; his constitutional rights have no inherent monetary value, *Memphis Community School Dist. v. Stachura*, 477 U.S. 299 (1986), and the adage *de minimis non curat lex* applies with the same force in civil rights litigation as in any other tort action. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Since plaintiff did not suffer any injury which may be redressed with damages and since he missed only two meals, he has failed to state an Eighth Amendment claim upon which relief can be

granted. Count 1 is, therefore, **DISMISSED** without prejudice.

## COUNT 2

On October 8, 1996, defendant McKinney came to plaintiff's cell and asked him if he wanted to go to the yard. After plaintiff responded positively, he was told to place his hands through the "chuck hole" so handcuffs could be placed on his wrists. Once the handcuffs were on, c/o Cleland opened the cell door and he, along with c/o Grawe, c/o Massey and c/o Well, entered. Once inside the cell, Grawe hit plaintiff in the head with a closed fist and Cleland slammed plaintiff's head into the wall. While on the ground plaintiff's body was hit. The attack caused plaintiff's to suffer bruises on his body as well as swelling in his face and head.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment violative of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 112 S.Ct. 995 (1992); *Williams v. Boles*, 841 F.2d 181 (7th Cir. 1988); *Isaac v. Jones*, 529 F.Supp. 175, 179 (N.D.Ill.1982). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 112 S.Ct. at 999. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of `cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort `repugnant to the conscience of mankind.'" *Id.* at 1000. Given the facts alleged, plaintiff's excessive force claim is not subject to dismissal at this time.

## COUNT 3

After the assault that was the subject of Count 2, plaintiff made numerous requests to receive medical attention. The defendants listed failed to address plaintiff's medical concerns. It was nine days before plaintiff was examined by doctors.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D. Ill. 1984).

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege"'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir.1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir.1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Given the facts alleged this Count is not subject to summary dismissal at this time.

## COUNT 4

On November 7, 1996, plaintiff was walking to the sick call line with his hands cuffed behind him. As he was walking defendant Wagner intentionally swung his shoulder into plaintiff's chest and knocked him into some cell bars. This apparently caused plaintiff to have a shortness of breath.

As the Court stated earlier, excessive force by prison officials without justification, violates a prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Hudson v.*

*McMillian*, 112 S.Ct. 995 (1992). Given the facts alleged, plaintiff's claim is not subject to summary dismissal at this time.

## COUNT 5

In an attempt to respond to the constitutional violations alleged, plaintiff filed numerous grievances. The listed defendants refused to investigate or respond to his grievances. Plaintiff believes that the failure to properly respond to his grievances constituted a violation of his right to due process. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Plaintiff's due process claim is, therefore, without merit. Accordingly, Count 5 is **DISMISSED** for failure to state a claim upon which relief can be granted.

## COUNT 6

On January 21, 1997, the Menard Tactical Unit ordered plaintiff to come to the door of his cell so that he could be handcuffed. Plaintiff refused. The Tactical Unit then entered plaintiff's cell, maced him, punched him, hit him with a stick and stomped on his head. After plaintiff was removed from his cell, Warden Page ordered plaintiff to be placed on strip cell status. Plaintiff was then stripped to his shorts and returned to his cell. Plaintiff suggests that the Tactical Unit used excessive force when extracting him from his cell. Given the facts alleged, plaintiff's claim is not subject to summary dismissal at this time.

## COUNT 7

After the alleged assault by the Tactical Unit, plaintiff says that he was denied medical care despite numerous request to the defendants. Given the facts alleged, this claim is not subject to

summary dismissal at this time.

## COUNT 8

As stated earlier, after the alleged assault plaintiff was stripped to his shorts and returned to his cell. Plaintiff claims that the walls and the mattress in his cell were covered with mace. This forced him to sleep naked and injured on the cold concrete floor. Plaintiff's requests for a blanket went unanswered. The next morning one of the defendants turned the water pressure in plaintiff's sink up. This caused water to shoot in the air and flood the cell. Plaintiff claims that the defendants intentionally flooded his cell on at least four occasions. Repeated requests for a blanket and clothes were denied because plaintiff was on strip cell status. For one week plaintiff was denied water, soap, toilet paper, towels, toothpaste, and a toothbrush. Furthermore, plaintiff claims that from December 1996, until March 1997, he and the other inmates on his cell block were forced to live in extremely cold conditions. Complaints were made to the defendants about the cold conditions but they did nothing to rectify the situation. Plaintiff claims that it was so cold on his housing unit that the guards would were coats and gloves.

No constitutional principle requires that inmates be permitted to own or receive hygiene items for the sake of owning cosmetics, but the deprivation of essential items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy and at that point, a constitutional right may be implicated. *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988). Given the facts alleged, plaintiff's claim is not subject to summary dismissal at this time.

## COUNT 9

At the time plaintiff filed his complaint he was confined in Menard's North 1 Segregation unit. The majority of the inmates in plaintiff's unit were African American while the staff was predominately white. Plaintiff, therefore, concludes that the defendants are guilty of practicing racial discrimination.

[T]he "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers...." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir.1970). A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation. *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir.1980) (per curiam). "'Discriminatory purpose' however, implies more than intent as volition or intent as awareness of consequences." *Personnel Administrator of Massachusetts v. Feeny*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979). It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir.1982); *David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).

The plaintiff does not have standing to assert an equal protection violation claim on behalf of African Americans who may have been denied employment within the Illinois Department of Corrections. Furthermore, the fact that the inmates in plaintiff's housing unit are predominately African American while the staff is predominately white, standing alone, does not demonstrate purposeful discrimination. Therefore, plaintiff's discrimination claim is **DISMISSED** for failure to state a claim upon which relief can be granted.

### Conclusion

Counts 1, 5, and 9 are, hereby, **DISMISSED** for failure to state a claim upon which relief can be granted. The following people were only named as defendants in Counts 1, 5, and 9: ***Nancy Tucker, Odie Washington, Debra Frick, c/o Lohman, c/o Gale, Larry Whittenburg, Jerry Goforth, Jane or John Doe 2, and Mavis Whittenborn***. The above are, therefore, **DISMISSED** as defendants in this cause. Counts 2, 3, 4, 6, 7, and 8 are **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for defendants *Thomas F Page, Charles L Hinsley, Roger Cowan, Mark Pierson, William Hamby, c/o Cleland, c/o Grawe, c/o Massey, c/o Mckinney, c/o Well, Dr. Khan, Dawn Marie Sanders, Mike Nelson, c/o Hoffman, c/o Wagner, Lieutenant Oakley, Sargent Konorcik, Tim Fletcher, c/o Page, c/o Manning, c/o Upchurch, c/o Crisler, Jack Mohr, Lisa Gales, c/o Grah, c/o Damon, c/o Meyer, Captain Maui, Sargent Williams, Charles L Hinsley, c/o Fryer.* The Clerk shall forward those forms, USM-285 forms submitted by plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 4(c)(2), to issue and serve process on defendants *Thomas F Page, Charles L Hinsley, Roger Cowan, Mark Pierson, William Hamby, c/o Cleland, c/o Grawe, c/o Massey, c/o Mckinney, c/o Well, Dr. Khan, Dawn Marie Sanders, Mike Nelson, c/o Hoffman, c/o Wagner, Lieutenant Oakley, Sargent Konorcik, Tim Fletcher, c/o Page, c/o Manning, c/o Upchurch, c/o Crisler, Jack Mohr, Lisa Gales, c/o Grah, c/o Damon, c/o Meyer, Captain Maui, Sargent Williams, Charles L Hinsley, c/o Fryer,* in the manner specified by Fed. R. Civ. P. 4(d)(2). Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Order. For purposes of computing the passage of time under Rule 4(d)(2), Form 1A is to be "issued" (dated) as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown (John Doe) Defendants until such time as plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for

waiver, the United States Marshal shall:

- Request that the clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by the plaintiff, the Department of Corrections shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.2(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Upon the consent of all parties herein, as contemplated by Local Rule 72.3(b)(2) and 28 U.S.C. § 636(c), this matter will be, and it is hereby, **REFERRED** to a United States Magistrate Judge for disposition as contemplated by Local Rules 72.1(h) and 72.3(b)(3).

Plaintiff is under a continuing obligation to keep the clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
DATED: 3/14/2000

_____
DISTRICT JUDGE